[716 NYS2d 325]

In the Matter of CHARLES S. LOCKS, an Attorney, Resignor.

Second Department, November 6, 2000

### APPEARANCES OF COUNSEL

*Louis J. Profera,* Hampton Bays, for resignor.

*Grace D. Moran,* Syosset (*Edward A. Tini* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Charles S. Locks has submitted an affidavit, dated June 2, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Locks was admitted to the practice of law by the Appellate Division of the

Supreme Court in the Second Judicial Department, on March 15, 1978.

Mr. Locks is aware that evidence of professional misconduct on his part has been adduced by the Grievance Committee's ongoing investigation and that the Grievance Committee would seek authorization to prosecute a disciplinary proceeding against him. In or about October 1999, Barry and Rita Kay retained Mr. Locks to represent them in the sale of their home. He was entrusted with a down payment of approximately $37,000 from the purchasers, which he deposited into his account on or about October 7, 1999. Mr. Locks was subsequently informed that the sellers were unable to close due to ongoing financial difficulties with the mortgage bank and the Internal Revenue Service. The property was ultimately sold to a third party at a foreclosure sale on or about February 25, 2000.

Mr. Locks concedes that the original prospective purchasers were entitled to a return of their $37,000 down payment and that he ignored numerous inquiries from their attorney with respect to its return.

Mr. Locks admits that between October 7, 1999 and March 31, 2000 he used approximately $30,000 of the $37,000 entrusted to him to pay his business and personal debts. Mr. Locks wrote checks payable to himself from the escrow account and used those checks for the payment of his rent, his secretarial expenses, and other operating expenses. Mr. Locks admits that the prospective purchasers had no knowledge that their funds were being used for such purposes and did not consent to his utilization of their funds.

Upon being notified by the Grievance Committee that he was the subject of an investigation, Mr. Locks immediately borrowed $30,000 from a family member, deposited the borrowed funds into the IOLA account, and forwarded a check in the sum of $37,000 to the purchasers' attorney.

Mr. Locks acknowledges his inability to successfully defend himself on the merits against any disciplinary charges which the Grievance Committee might initiate based upon these facts. He avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress by anyone.

Mr. Locks has discussed his decision to resign with his attorney and with others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by Judiciary Law § 90 and the

Court rules from seeking reinstatement for at least seven years.

Mr. Locks is further aware that any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He acknowledges that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the resignation.

As the proffered resignation complies with all pertinent Court rules, it is accepted, the respondent is disbarred, and his name stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Charles S. Locks is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles S. Locks is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Charles S. Locks shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles S. Locks is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.